GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 362-6666
Facsimile: (702) 362-2203
Email: gschnitzer@ksjattorneys.com
*Attorneys for Defendant,*
*Bayview Financial Loan Servicing, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GARY R. BECK, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BAYVIEW FINANCIAL LOAN SERVICING, LLC,<br>Defendant. | Case No. 2:16-cv-00786-GMN-NJK<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff Gary R. Beck, individually and on behalf of others similarly situated ("Plaintiff"), by counsel, and Defendant Bayview Loan Servicing, LLC[1] ("Defendant"), by counsel, have agreed to the terms of this Stipulated Protective Order ("Order"); accordingly, it is ORDERED:

1. **Scope**. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all responses to third-party subpoenas, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively

---

[1] The name of the defendant is incorrect as stated in the case caption. The correct name of the defendant is Bayview Loan Servicing, LLC.

"document(s)"), shall be subject to this Order concerning confidential information as set forth below. This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.  **Form and Timing of Designation**. A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" (hereinafter collectively referred to as the "Protected Material") on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the Protected Material designation. Documents shall be designated CONFIDENTIAL or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" (the "Protected Material designation") prior to or at the time of the production or disclosure of the documents. The Protected Material designation does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3.  **Documents Which May be Designated as Protected Material**. Any party may designate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" but only after review of the documents by an attorney or a party appearing pro se who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential information. Such confidential and private information consists of, among other things, trade secrets, confidential business or financial information, information regarding confidential business practices, or other confidential research, technical, development, financial, or commercial information, as well as information implicating privacy rights of third parties, personal identity information (such as dates of birth and social security numbers), information

otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law, and information and documents that a Party, in good faith, believes constitutes, contains, or refers to proprietary technology or information owned or developed by the producing Party, and that, if disclosed to customers or competitors, would tend to damage the Party's competitive position. Information or documents that are available in the public sector may not be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY".

4. **Depositions**. A Party wishing to designate portions of a deposition transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to this Order must, within fifteen (15) business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The Designating Party may designate those portions of the transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," in accordance this Order. The Designating Party shall designate such Protected Material either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the page, line numbers and designation. The Party shall not designate improperly broad portions of the deposition(s), or the entire transcript and instead must do so by page and line number. The Designating Party must serve such Notice within thirty (30) calendar days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as Protected Material until the expiration of the 30 day period described in this paragraph. Any portions of a transcript designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall thereafter be treated as Protected Material in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this

paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

      5.    **Protection of Confidential Material**.

          a.    General Protections. Documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5.b. for any purpose whatsoever other than to prepare for and to conduct discovery, hearings and trial in this action, including any appeal thereof.

          b.    Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Protected Material to any third person or entity except as set forth in subparagraphs 5.b.1 and 5.b.2, below. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated as Protected Material:

          1.    Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

          (a)    The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

          (b)    The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

          (c)    a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an

expert witness or as a consultant in this Action on behalf of the Receiving Party to whom disclosure is reasonably necessary for this Action, but only after such persons have signed the "Acknowledgment of Understanding and Agreement to Be Bound" (Exhibit A);

    (d)    The court and its personnel;

    (e)    Court reporters and recorders, and their staff;

    (f)    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action, but only after such persons have signed the "Acknowledgment of Understanding and Agreement to Be Bound" (Exhibit A);

    (g)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (h)    During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information, unless otherwise agreed by the Designating Party or ordered by the court. Witnesses shall not retain a copy of documents containing Protected Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts, which shall be destroyed once the time for review and signature has expired. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

    (i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

     (j) Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

    2. The parties and counsel for the parties shall not disclose or permit the disclosure of any Protected Material designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" to any third person or entity except as set forth in subparagraphs 5.b.1(a) and 5.b.1(c)-(j).

   c. <u>Control of Documents</u>. Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as Protected Material pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of six (6) years from the date of signing.

   d. <u>Copies</u>. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as Protected Material under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

  **6.** <u>**Control of Documents**</u>**.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Material. Counsel shall maintain the

originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

  7. **Filing CONFIDENTIAL Documents With the Court**. The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that a party seeking to maintain the confidentiality of documents attached to nondispositive motions must show good cause exists to overcome the presumption of public access. A party seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. All motions to seal must address the applicable standard and explain why that standard has been met. The fact that the Court has entered a blanket stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. Whenever materials subject to this protective order (or any pleading, motion or memorandum referring to them) are proposed to be filed in the Court record under seal, the party must comply with the requirements of LR IA 10-5(b), the Ninth Circuit's decision in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and the procedures outlined in *Jones v. Bank of West*, No. 2:15-cv-1930 (D. Nev. March 31, 2016)..

    a. **Filing Party's Confidential Documents**. In the event that a party seeks to file, or reference in any filing, a document that the filing party designated as Protected Material under this Order and the filing party seeks to maintain the confidentiality of such document, the filing party must comply with the requirements of LR IA 10-5(b), the Ninth Circuit's decision in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and the procedures outlined in *Jones v. Bank of West*, No. 2:15-cv-1930 (D. Nev. March 31, 2016) for filing the

Protected Material under seal. Protected Material attached to a Party's motion to seal under LR IA 10-5 shall be deemed timely filed with respect to any substantive deadline that applies to such material when the Party files its motion to seal under LR IA 10-5 on or before such deadline.

    b. <u>Non-Filing Party's Confidential Documents</u>. In the event that the filing party seeks to file, or reference in any filing, a document that the non-filing party designated as Protected Material under this Order, the filing party shall first consult with the non-filing party at least seven (7) days prior to filing the Protected Material to determine whether the non-filing party consents to filing the document in whole or in part on the public docket. The designating party must then make a good faith determination if the relevant standard for sealing is met. To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four days after receiving notice of the intended filing. To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four days after receiving notice of the intended filing. The filing party shall then attach that declaration to its motion to seal the designated material. If the designating party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record.[2] The filing party shall prepare two versions of the filings, a public and a confidential version. The public version shall contain a redaction of references to Protected Material documents and shall be filed with the court. The confidential version shall be a full and complete version of the filing, including any exhibits, and shall be filed with the court under seal pursuant to LR IA 10-5 indicating that

---

[2] In the event of an emergency motion, the above procedures shall not apply. Instead, the movant shall file a motion to seal and the designating party shall file a declaration in support of that motion to seal within three days of its filing. If the designating party fails to timely file such a declaration, the Court may order the Protected Material filed in the public record.

the non-filing party seeks to maintain the confidentiality of the redacted material. Protected Material attached to a Party's motion to seal under LR IA 10-5 shall be deemed timely filed with respect to any substantive deadline that applies to such material when the Party files its motion to seal under LR IA 10-5 on or before such deadline.

      8.      **Challenges by a Party to Designation as Confidential**. Any Protected Material designation is subject to challenge by any party or non- party (hereafter "party"). The following procedure shall apply to any such challenge.

      a.      **Objection to Confidentiality**. Within thirty (30) days of the receipt of any document designated Protected Material, a party may serve upon the designating party an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. Protected Material documents to which an objection has been made shall remain Protected Material until designated otherwise by waiver, agreement or order of the Court.

      b.      **Obligation to Meet and Confer**. The objecting party and the party who designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the Protected Material designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

      c.      **Obligation to File Motion**. If the parties cannot reach agreement as to any documents designated Protected Material, for the purpose of discovery, the designating party shall file with the court within thirty (30) days of the service of the objection a motion to

retain the Protected Material designation. The failure to file the motion waives the Protected Material designation of documents to which an objection was made.

9. **Court Not Bound By Parties' Designation**. Nothing in this Order or any action or agreement of a party under this Order limits the court's power to make orders concerning the disclosure of documents produced in discovery, filed with the court, or used during any hearing or at trial.

10. **Use of Protected Material at Hearing or Trial**. A party who intends to present or anticipates that another party may present at any hearing or at trial Protected Material or information derived therefrom shall identify the issue, not the information, in a pre-hearing or pretrial memorandum. The court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial.

11. **Obligations on Conclusion of Litigation**.

   a. **Order Remains in Effect**. Unless otherwise agreed or ordered, the terms of this Order shall remain in force as an agreement between the parties after dismissal or entry of final judgment not subject to further appeal.

   b. **Return of Protected Material**. Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, the receiving party shall return to the producing party all documents treated as Protected Material under this Order, including copies as defined in ¶ 5.d.

   c. **Deletion of Documents Filed under Seal from ECF System**. Filings with the court under seal shall remain in the ECF system and shall not be deleted except by order of the court.

12. **Order Subject to Modification**. This Order shall be subject to modification by the court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules.

13. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated Protected Material by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the court may rule on a specific document or issue.

14. **Third Parties**. A subpoenaed third party who so elects may avail itself of, and agree to be bound by, the terms and conditions of this Order and thereby become a producing party for purposes of this Order. The parties, in conducting discovery from third parties, shall attach to such discovery requests a copy of this Order so as to apprise such third parties of their rights herein. A third party who elects to become a producing party for purposes of this Order shall provide written notice thereof to the party requesting discovery (the "requesting party"). Upon receiving such notice, the requesting party shall notify all other parties to the proceeding that the discovery received from the third party is subject to the terms and conditions of this Order.

15. **Protected Material Subpoenaed or Ordered Produced in Other Litigation**. If a Party is served with a subpoena or a court order issued in other litigation that would compel disclosure of any information or items designated in this Action as Protected Material, that Party must:

      a.     Promptly, and in no event more than three court days after receiving the subpoena or order, notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

      b.     Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

      c.     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Protected Material in the court from which the subpoena or order issued. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the receiving Party has in its possession, custody or control Protected Material by the Designating Party to this case.

    **16.**    **Unauthorized Disclosure of Protected Material.**  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures and identify such person

immediately to the Designating Party, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment of Understanding and Agreement to Be Bound" that is attached hereto as Exhibit A.

17. **Inadvertent Production of Privileged or Otherwise Protected Material.** Any documents the Producing Party deems to have been inadvertently disclosed and to be subject to a claim of privilege or other protection shall be, upon written request, promptly returned to the Producing Party, or destroyed, at that Party's option.

18. **Court Retention of Jurisdiction to Ensure Compliance.** The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary, and any Party may apply to the Court at any time for an amendment, modification, or addition to this Order. This Order shall survive the final disposition of this litigation, by judgment, dismissal, settlement, or otherwise.

///

///

///

19. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

IT IS SO ORDERED.

Dated: November 30, 2016

_____
The Honorable Nancy J. Koppe
United States Magistrate Judge

**WE ASK FOR THIS:**

By: */s/ Michael Kind*
Michael Kind, Esq. (NV Bar No. 13903)
KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: (800) 400-6808 x7
Facsimile: (800) 520-5523
E-Mail: Mkind@kazlg.com

David H. Krieger, Esq.
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Telephone: (702) 880-5554
Facsimile: (702) 385-5518
E-Mail: dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff*
GARY R. BECK

By:*/s/ Gary E. Schnitzer*
Gary E. Schnitzer. Esq. (NV Bar No. 395)
KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 362-6666
Facsimile: (702) 362-2203
E-mail: gschnitzer@kjsattorneys.com
E-mail: jschnitzer@ksjattorneys.com

John C. Lynch, *pro hac vice*
Ethan G. Ostroff, *pro hac vice*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
E-mail: john.lynch@troutmansanders.com
E-mail: ethan.ostroff@troutmansanders.com

*Attorneys for Defendant*
*BAYVIEW FINANCIAL LOAN SERVICING, LLC*

# EXHIBIT "A"

ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND TO STIPULATED PROTECTIVE ORDER

# EXHIBIT "A"

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| GARY R. BECK, individually and on behalf of others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>BAYVIEW FINANCIAL LOAN SERVICING, LLC,<br><br>　　　　　Defendant. | CASE NO.: 2:16-cv-00786-GMN-NJK<br><br>**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND TO STIPULATED PROTECTIVE ORDER** |

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____ in the above-captioned case and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Nevada in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned case, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern. The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court or for other relief under the protective order agreement.

Dated: _____

City and State where sworn and signed: _____

_____
(Signature)

_____
(Printed Name)

29783300